UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LABARGE PIPE AND STEEL CO.** | **CIVIL ACTION** |
| VERSUS | |
| **FIRST BANK** | **No. 03-CV-281** |

CONSOLIDATED WITH

| | |
|---|---|
| **LABARGE PIPE AND STEEL, CO.** | **CIVIL ACTION** |
| VERSUS | |
| **FIRST BANK AND ALLEN J. DAVID** | **No. 03-CV-886** |

## NOTICE TO COUNSEL

On November 24, 2008, the Fifth Circuit Court of Appeals ordered this Court to award Plaintiff, LaBarge Pipe and Steel, Co. (LaBarge), "attorney's fees and other litigation expenses on its letter of credit claim (but not its other claims) under La. Rev.Stat. Ann. § 10:5-111(e)."[1] On June 16, 2010, LaBarge filed a Motion to Fix Attorneys' Fees and Litigation Costs (Doc. No. 125) on its letter of credit claim. Defendant, First Bank, filed Opposition to Plaintiff's Motion (Doc. No. 126). Plaintiff replied (Doc. No. 130).

In its motion, Plaintiff asked this Court to award, among other things, $8,737.50 in attorneys' fees and $133.42 in costs that were allegedly paid to Bryan Cave, L.L.P. ("Bryan Cave") on its letter of credit claim. Plaintiff arrived at

---

[1] **LaBarge Pipe & Steel Co. v. First Bank**, 550 F.3d 442, 463 (5th Cir.2008).

this figure by noting that Bryan Cave served as lead counsel for most of the first year of this case; that Plaintiff spent a total of $42,288.44 in costs and fees with Bryan Cave; and "by selecting the invoices that [Bryan Cave] billed for March 2003 and April 2003 work and costs."[2] Plaintiff admits that it "could have gone back to Bryan Cave and asked that the firm prepare [a more accurate accounting of fees and costs]."[3] Nevertheless, Plaintiff contends that it elected not to do so because "the amounts sought from First Bank would have been far higher than the $8,737.50 LaBarge now seeks."[4]

"[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours," but "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours."[5] The evidence produced by Plaintiff in the instant suit – a random selection of two months billed by Bryan Cave on Plaintiff's case – meets neither of these criteria.[6]

---

[2] Record Document No. 130, p. 5.

[3] **Id.**

[4] **Id.**

[5] **Louisiana Power & Light Co. v. Kellstrom**, 50 F.3d 319, 325 (5th Cir.1995).

[6] **Hensley v. Eckerhart**, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant ... should maintain billing time records in a manner that will enable a reviewing court to identify distinct

Although this Court may properly reduce or eliminate hours for Plaintiff's failure to produce adequate evidence supporting the costs and fees billed by Bryan Cave,[7] it elects not to do so. Instead, the Court finds that it can make an adequate determination of fees expended by Bryan Cave on Plaintiff's letter of credit claim by obtaining the precise billing rate for each time entry listed on Exhibit 1(j) of Plaintiff's Motion to Fix Attorneys' Fees and Litigation Costs.[8]

---

claims.") **United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.**, 732 F.2d 495, 502 n. 2 (6th Cir.1984) ("The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation"); **In re Hudson & Manhattan R.R. Co.**, 339 F.2d 114, 115 (2d Cir.1964)("any attorney who hopes to obtain an allowance from the court should keep accurate and current records, or work done and time spent. Lawyers are well aware that ... they are valued principally on the basis of time required. There is no excuse for an established law firm to rely on estimates made on the eve of payment and almost entirely unsupported by daily records or for it to expect a court to do so"). See, e.g., **Alberti v. Klevenhagen**, 896 F.2d 927, 931 (5th Cir.), vacated on other grounds, 903 F.2d 352 (5th Cir.1990)(refusing to accept incomplete documentation "at face value"); **Leroy v. City of Houston**, 906 F.2d 1068, 1080 (5th Cir.1990) (striking hours as "not illuminating as to the subject matter" or "vague as to precisely what was done"); **Leroy v. City of Houston**, 831 F.2d 576, 585-86 (5th Cir.1987)(reversing when district court accepted all hours from records that were "scanty," completely missing, or lacking in explanatory detail); **H.J. Inc. v. Flygt Corp.**, 925 F.2d 257, 260 (8th Cir.1991) (reducing hours for vague entries such as "legal research," "trial preparation," and "met with client").

[7] **Louisiana Power & Light Co.**, 50 F.3d at 325 ("The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review.") (citations omitted).

[8] See Record Document No. 125-12, Affidavit of Kevin M. Abel & Attached Invoices.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that counsel for LaBarge shall provide the Court with billing rates for each time entry listed in Exhibit 1(j) of its Motion to Fix Attorneys' Fees and Litigation Costs. These billing rates must be provided to the Court within thirty (30) days of the date of this notice.

Baton Rouge, Louisiana, this 28th day of September, 2010.

```
                              _____
                              RALPH E. TYSON, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT
                              MIDDLE DISTRICT OF LOUISIANA
```