UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LABARGE PIPE AND STEEL CO. | CIVIL ACTION |
| VERSUS | |
| FIRST BANK | No. 03-281-BAJ-DLD |

CONSOLIDATED WITH

| | |
|---|---|
| LABARGE PIPE AND STEEL, CO. | CIVIL ACTION |
| VERSUS | |
| FIRST BANK AND ALLEN J. DAVID | No. 03-886-BAJ-DLD |

## RULING AND ORDER

This matter is before the Court on a Motion to Fix Attorney's Fees and Litigation Costs (doc. 125) filed by plaintiff, LaBarge Pipe and Steel, Co. ("LaBarge"). Defendant, First Bank, has filed an Opposition to plaintiff's Motion (doc. 126) and plaintiff has replied to the opposition (doc. 130). Jurisdiction is based on 28 U.S.C. § 1332.

## BACKGROUND

Plaintiff, LaBarge, sells industrial pipe throughout the United States. In November, 2002, PVF USA, LLC ("PVF") contacted LaBarge to purchase pipe for resale. Following a review of PVF's credit history, a salesman at LaBarge notified PVF that PVF would have to provide LaBarge with a letter of credit to secure

payment of the pipe. PVF's representatives contacted an employee at First Bank and requested a letter of credit.

First Bank faxed a copy of the letter of credit to LaBarge on November 25, 2002. After reviewing the fax, LaBarge requested a change to the language. On November 26, 2002, First Bank faxed another letter of credit which reflected the change requested by LaBarge. Subsequently, LaBarge shipped pipe to PVF. The total amount of pipe shipped was invoiced at $143,613.40. PVF failed to pay for the pipe and filed bankruptcy on January 9, 2003.

On February 14, 2003, LaBarge attempted to draw on the letter of credit in the amount of $143,613.40, the total price of all pipe it had shipped to PVF. First Bank denied LaBarge's draw request because the request did not include the original letter of credit. Subsequently, LaBarge filed suit against First Bank, asserting claims for wrongful dishonor, breach of the letter of credit, detrimental reliance, and breach of a good faith obligation.

On March 31, 2005, the Court granted summary judgment in favor of Defendant, thereby dismissing LaBarge's claims. Written reasons were provided on April 12, 2007, and judgement was entered in favor of First Bank on April 14, 2007. LaBarge subsequently appealed the Court's ruling to the Fifth Circuit Court of Appeals. On January 7, 2009, the Fifth Circuit Court of Appeals reversed the ruling as to plaintiff's letter of credit claim and ordered this Court to award LaBarge $143,613.40, any appropriate legal interest, and "attorney's fees and other litigation

expenses on its letter of credit claim (but not its other claims) under La. Rev.Stat. Ann. § 10:5-111(e)."[1] After the Appellate Court's decision, First Bank paid LaBarge $169,818.75, the amount due on the letter of credit claim plus accrued interest. Despite negotiations, however, the parties could not agree on an appropriate amount of attorney's fees.

Plaintiff now moves this Court to fix the amount of attorney's fees and litigation costs incurred to enforce the letter of credit. Plaintiff contends that it has accrued a total of $173,042.35 in costs and fees on its letter of credit claim. Among those costs and fees are $134,091.20 in attorney's fees and $13,845.05 in costs billed by Jones, Walker, Waechter, Poitevent, Carrere & Denegre; $8,737.50 in attorney's fees and $133.42 in costs that Jones, Walker, Waechter, Poitevent, Carrere & Denegre paid to Bryan Cave, L.L.P. ("Bryan Cave"); and $16,235.18 paid to plaintiff's expert, Professor James E. Byrne.

## APPLICABLE LAW

In diversity cases, "[a] fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir.2002). Louisiana law provided the rule of decision for the substantive issues. Therefore, the fee award is also governed by Louisiana law.

"Attorneys fees are not allowed except where authorized by contract or statute." *State of Louisiana, Department of Transportation and Development v.*

---

[1] See, *LaBarge Pipe & Steel Co. v. First Bank*, 550 F.3d 442, 463 (5th Cir.2008).

3

*Wagner*, 38 So.3d 240, 241(La.5/28/10) (citing, *Huddleston v. Bossier Bank and Trust Co.*, 475 So.2d 1082, 1085 (La.1985)). LSA–R.S. §10:5-111(e) provides that reasonable attorney fees and other expenses of litigation must be awarded to a prevailing party when, among other things, it is found that an issuer has wrongfully dishonored a draft or demand presented under a letter of credit. The Fifth Circuit Court of Appeals has determined that attorney's fees should be awarded to plaintiff under this statute.

"District courts are vested with great discretion in arriving at an award of attorneys fees." *ORX Resources, Inc. v. MBW Exploration, L.L.C.*, 32 So.3d 931, 938 (La.App. 4 Cir.), *writ denied*, 34 So.3d 862 (La.2010). A reasonable attorney's fee is determined by the facts of an individual case. *Id.* The documentation supporting a factual finding regarding the amount of attorney's fees must be sufficient for the court to verify that the applicant has met its burden of establishing an entitlement to a specific award. *Louisiana Power & Light Co. V. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). "[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours," but "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Id.* at 325 (citing, *Hensley v. Eckerhart*, 461 U.S. 424, 433,103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Louisiana Rule of Professional Conduct 1.5 sets forth factors to be considered in determining the reasonableness of a fee. Under Rule 1.5, the following factors are to be considered: 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; 3) the fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent.

## DISCUSSION

Defendant contests the reasonableness of the fees billed by Jones Walker on the letter of credit claim fees, the expenses incurred by Jones Walker in deposing the owners of PVF, and the fees and costs paid by Jones Walker to Bryan Cave. The Court finds that plaintiff has sufficiently established entitlement to all costs and fees in the amounts hereinafter set forth.

### A. Fees and Costs Billed by Jones Walker

In the instant suit, defendant does not challenge the hourly rate charged by Jones Walker. Instead, defendant asserts that the billable hours submitted are excessive – i.e., many of the fees billed by Jones Walker were never earned.

5

Defendant first contends that the costs and attorney's fees billed by Jones Walker were grossly disproportionate to the amount of money involved in the case. Specifically, Defendant alleges that the amount at issue was $121,769.94 and that LaBarge seeks to recover $173,042.00 – "more than 140% of the amount which was really at issue in the case." Defendant mischaracterizes the amount in controversy and ignores applicable law.

First Bank paid LaBarge $169,818.75, which was the amount due on the letter of credit claim plus accrued interest. Had LaBarge not pursued the letter of credit claim, it would not have recovered the $169,818.75 amount it was owed. In addition to the $169,818.75, however, LaBarge would have been exposed to paying attorney's fees and costs to First Bank had it not prevailed on the letter of credit claim. In fact, the Court initially entered a judgement ordering LaBarge to pay $42,069 in attorney's fees and costs to First Bank on the letter of credit claim (doc. 102). LaBarge subsequently appealed this Court's decision and the Fifth Circuit Court of Appeals held in favor of LaBarge on the letter of credit claim.

There can be no doubt that LaBarge's decision to accrue additional fees and costs on the appellate level was fueled, in part, by the amount of attorney's fees and costs it was subject to paying had it lost the letter of credit claim. Therefore, the Court finds that the actual amount at issue on the letter of credit claim was $211,887.75 – the amount LaBarge was owed on the letter of credit claim plus the costs and attorney's fees which it would have been subject to paying but for the

decision rendered by the Fifth Circuit Court of Appeals in this matter. Considering that $211,887.75 was at stake on the letter of credit claim, the Court finds that plaintiff's decision to incur $134,091.20 in attorney's fees and $13,845.05 in costs was not unreasonable.

Next, Defendant argues that the "simple facts" involved in the letter of credit claim and the extent and character of the work performed merit a reduction in plaintiff's fees. The Court disagrees.

Defendant would have this Court believe that the resolution of the letter of credit claim did not require significant litigation. Nevertheless, as the Fifth Circuit aptly recognized:

> If First Bank had timely and properly dishonored LaBarge's presentation, it would have properly denied LaBarge's request because LaBarge did not strictly comply with the terms of the letter of credit. However, this case is complicated by the fact that First Bank did not follow the proper procedures when dishonoring LaBarge's request to draw on the letter of credit.

*LaBarge*, 550 F.3d at 455.

Because First Bank did not follow the proper procedures when dishonoring LaBarge's request to draw on the letter of credit, this Court and the Fifth Circuit were called upon to decide whether First Bank was precluded from claiming that LaBarge failed to comply with the terms of the credit. This issue involved intricate questions of law upon which two distinguished professors disagreed. The issue also required plaintiff to undertake significant research and incur significant expenses in its

7

litigation. The Court, therefore, rejects defendant's argument that the facts and the extent and character of the work performed on the letter of credit claim merit a reduction in plaintiff's fees.

In further opposition to the motion for fees and costs, defendant points out that plaintiff spent 5.8 hours preparing and filing an unopposed motion for extension of briefing delays set by the Fifth Circuit Court of Appeals and 23.5 hours preparing a Notice of Appeal and Transcript Request. Defendant also contests the reasonableness of plaintiff's fees by giving various examples of the time defendant spent on a particular task and comparing those time entries with plaintiff's time entries on similar tasks. Neither of these arguments are persuasive.

First, the Court notes that defendant's counsel may have billed fewer hours on the letter of credit claim, but defendant also lost that claim. Second, "[t]hat defense counsel spent significantly less time on this case than did counsel for the plaintiff[ ] is irrelevant so long as all compensated work was necessary and performed in an expeditious manner." *Harkless v. Sweeny Independent School District*, 608 F.2d 594, 598 (5th Cir.1979). Plaintiff has provided explanations for accruing additional time on its unopposed motion for extension of briefing delays set by the Fifth Circuit Court and on its Notice of Appeal and Transcript Request.[2] The

---

[2] Plaintiff notes that the 5.8 hour entry included repeated conferences with the Fifth Circuit Court to determine the likelihood of, and procedures for, obtaining additional extensions and to determine filing procedures in light of the destruction by the hurricane of the Clerk of Court's office. The 23.5 hour entry reflected that LaBarge's lawyers prepared and obtained a supersedeas bond, drafted a motion and order for approval of the bond, and prepared a lengthy motion through which they succeeded in persuading the Fifth Circuit Court to issue a

Court finds the explanations sufficient to establish plaintiff's entitlement to those fees.

Defendant also challenges the time plaintiff's counsel billed for deposing the owners of PVF. Defendant claims that the testimony elicited from these witnesses was related to the claims for negligence and conversion against PVF, and unrelated to plaintiff's letter of credit claim. The Court finds that the depositions did, in fact, relate to LaBarge's letter of credit claim and are littered with questions and answers concerning the original letter of credit. Those questions and answers helped to confirm many of the facts underlying plaintiff's letter of credit claim. In addition, plaintiff argued that First Bank waived its right to require that LaBarge present the original letter of credit by failing to give the original to LaBarge. Every challenged deposition contained testimony directed toward the foregoing issues.[3]

Plaintiff has provided a precise accounting of the fees and costs billed by Jones Walker on its letter of credit claim. That amount totals $134,091.20 in attorney's fees and $13,845.05 in costs. Plaintiff has also incurred $16,235.18 in

---

discretionary stay of further proceedings pending LaBarge's appeal. (Doc. 128-2, pp. 9-10).

[3]Robert McDonald stated that he was employed at PVF when the letter of credit was requested by LaBarge, that he received the letter of credit from First Bank, and that one of the three owners of PVF usually mailed the letter of credit to beneficiary of the letter of credit (doc. 126-1); Bruce Thompson was asked whether he was involved in obtaining the letter of credit and whether First Bank delivered letters of credit to PVF or to the beneficiary in PVF's prior dealings with First Bank (doc. 126-2, 3); Scott Kirby stated that he signed and submitted documents to First Bank in order to obtain the letter of credit on behalf of PVF and that First Bank typically sent the letters of credit to the beneficiary rather than the applicant (doc. 126-4); Charles Sylvest was asked about his involvement with the issuance and loss of the letter of credit and whether First Bank typically delivered letters of credit to the beneficiary or applicants (doc. 126-5).

charges from its expert, Professor Byrne, on its letter of credit claim.  Defendant does not challenge the amount paid to Professor Byrne.  The Court finds that these amounts were properly spent on plaintiff's letter of credit claim and that no fees or costs billed for the work performed by Jones Walker were unreasonable.  Therefore, plaintiff shall be awarded attorney fees in the amount of $134,091.20 and other litigation expenses in the amount of $30,080.23.

## B. Fees and Costs Paid to Bryan Cave

Plaintiff alleges that it paid Bryan Cave a total of $42,288.44 in fees and costs during this suit.  Plaintiff asks this Court for $8,737.50 in attorney's fees and $133.42 in costs it allegedly paid to Bryan Cave on the letter of credit claim.  Plaintiff arrived at this figure "by selecting the invoices that [Bryan Cave] billed for March 2003 and April 2003 work and costs" (doc. 130, p. 11).  As previously noted in this Court's Notice to Counsel (doc. 131), such a random selection provided insufficient grounds to award attorney's fees to Jones Walker under Louisiana law.

The Court has carefully scrutinized each time entry listed on Exhibit 1(j) of plaintiff's Motion to Fix Attorney's Fees and Litigation Costs (doc. 125-12).  In doing so, the Court has determined which entries relate to plaintiff's letter of credit claim but not its other claims.[4]  The Court finds that plaintiff should be awarded attorney's fees for the following time entries and in accordance with their respective rates:

---

[4] See, LaBarge, 550 F.3d at 463 (stating that "[t]he district court should also award LaBarge its attorney's fees and other litigation expenses on its letter of credit claims (but not its other claims) under LA.REV.STAT.ANN § 10.5-111(e)").

| Date Billed | Billing Individual | Time Billed (Hours) | Billing Rate |
| --- | --- | --- | --- |
| 1/16/03 | J.R. Berne | .75 | $195 |
| 1/16/03 | H.R. Burroughs | 1 | $330 |
| 1/24/03 | H.R. Burroughs | .25 | $330 |
| 1/27/03 | H.R. Burroughs | .25 | $330 |
| 1/28/03 | H.R. Burroughs | .25 | $330 |
| 2/4/03 | H.R. Burroughs | .25 | $330 |
| 2/6/03 | H.R. Burroughs | .50 | $330 |
| 2/7/03 | H.R. Burroughs | 4.5 | $330 |
| 2/10/03 | H.R. Burroughs | 1.25 | $330 |
| 2/13/03 | H.R. Burroughs | .75 | $330 |
| 2/19/03 | H.R. Burroughs | 1 | $330 |
| 2/20/03 | K.M. Abel | 1 | $350 |
| 2/26/03 | K.M. Abel | 4.5 | $350 |
| 2/26/03 | H.R. Burroughs | 1.5 | $330 |
| 3/5/03 | H.R. Burroughs | .25 | $330 |
| 3/6/03 | H.R. Burroughs | .5 | $330 |
| 5/16/03 | H.R. Burroughs | .25 | $330 |
| 5/20/03 | L.A. Palans | .25 | $435 |
| 4/22/04 | K.M. Abel | 1 | $400 |

When these entries are totaled, it becomes apparent that plaintiff should be awarded $6,705.00 in attorney's fees. The Court, however, finds that plaintiff has failed to prove that it incurred any costs which were paid to Bryan Cave in connection with plaintiff's letter of credit claim. Plaintiff's motion shall be, therefore,

11

denied to the extent that it seeks $8,737.50 in attorney's fees and $133.42 in costs it allegedly paid to Bryan Cave. Instead, plaintiff is only entitled to recover $6,705.00 in attorney's fees for the work performed by Bryan Cave.

## CONCLUSION

For all of the foregoing reasons, plaintiff shall be awarded $134,091.20 in attorney's fees and $30,080.23 in costs billed by Jones Walker in connection with its letter of credit. Plaintiff shall also be awarded $6,705.00 in attorney's fees that were paid to Bryan Cave in connection with its letter of credit claim. Plaintiff shall not be awarded any costs that were allegedly paid to Bryan Cave.

Accordingly, the motion by plaintiff, LaBarge Pipe and Steel, Co., for attorney's fees and litigation costs (doc. 125) is **GRANTED** in part and **DENIED** in part and:

**IT IS HEREBY ORDERED** that plaintiff, LaBarge Pipe and Steel Co., is awarded attorneys' fees in the amount of $140,796.20 and other litigation expenses in the amount of $30,080.23.

Baton Rouge, Louisiana, August 26, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA